UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-159-FDW-DCK

| JEFFREY RANDOLPH WATTERSON, | ) | |
|---|---|---|
| RANDOLPH ALEXANDER | ) | |
| WATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| WOODY BURGESS, JASON GREEN, | ) | |
| FRANKIE DELLINGER, JENNIFER | ) | |
| HOYLE, CITY OF CHERRYVILLE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiffs' Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1), on Plaintiff Jeffrey Watterson's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 2), on Plaintiffs' two Motions for Service of Process, (Doc. Nos. 3; 12), on Plaintiffs' Motion to Schedule a Pretrial Conference, (Doc. No. 14), and on Plaintiffs' Motion in Limine to Amend Lawsuit, (Doc. No. 15).

The Court first addresses Plaintiff Jeffrey Watterson's Application to Proceed Without Prepayment of Fees or Costs.[1] The Court has examined the financial affidavit provided by Plaintiff Watterson, in which he states that he was last employed in 2009, when he made $3000 per month. Plaintiff states that the only income he has received in the past twelve months is

---

[1] On April 25, 2013, the Clerk entered an Order waiving the initial filing fee and directing monthly payments to be made from the prison account of Plaintiff Randolph Watterson's prison account. (Doc. No. 7).

1

$700 per month in the form of disability payments. He states that he has no money in a checking or savings account. The Court finds that Plaintiff lacks sufficient funds with which to pay the filing fee. Therefore, the Court will grant Plaintiff's Application to Proceed Without Prepayment of Fees or Costs.

I.  **BACKGROUND**

Pro se Plaintiffs Jeffrey Watterson and his brother Randolph Watterson filed this action on March 12, 2013, pursuant to 42 U.S.C. §§ 1983 and 1985. (Doc. No. 1). Plaintiff Jeffrey Watterson is a resident of Cherryville, North Carolina. Plaintiff Randolph Watterson is a state court inmate currently incarcerated at Central Prison in Raleigh, North Carolina. Plaintiffs allege that they own a business in Cherryville, North Carolina called Affordable Tree Services. Plaintiffs name the following persons and entities as Defendants in the original Complaint: (1) Woody Burgess, identified as the Chief of Police of Cherryville; (2) Jason Green, identified as a Captain of the Cherryville Police Department; (3) Frankie Dellinger, identified as a Special Reserve Narcotics Officer with the Cherryville Police Department; (4) Jennifer Hoyle, identified as the Utilities Director for Cherryville City Hall; (5) and the City of Cherryville. In the original Complaint, Plaintiffs purport to bring the following claims against Defendants: (1) a violation of the First Amendment, slander, and libel (Count I); and (2) a claim for "involuntary servitude" under the Thirteenth Amendment, and a due process claim under the Fourteenth Amendment (Count II).

In the Complaint, Plaintiffs make allegations of various alleged acts of corruption and illegal activity by employees and officials employed with the Town of Cherryville. First, Plaintiffs complain that some of the Defendants harmed Plaintiffs and their business by telling

2

people that Plaintiff Jeffrey Watterson was a thief and a drug addict. For instance, in support of Count One, Plaintiff Jeffrey Watterson alleges that Defendants Burgess, Green, and Dellinger "slandered me and my business name and contributed to the overall loss of my business. They violated both my NC and federal rights. 8th Amendment violation. Cruel unusual punishment." (Id. at 5). With regard to Defendant Chief of Police Burgess, Plaintiff Jeffrey Watterson alleges that Defendant Burgess "went out of his way to personally slander my name by telling my customers I was a thief and drug addict which is not true. He is also the immediate supervisor over Defendant Jason Green and Frankie Dellinger." (Doc. No. 1 at 2). Plaintiff alleges that Defendant Burgess failed to reprimand either Green or Dellinger "for what I reported in 2007 and 2008." (Id.). Plaintiff does not specify in the Complaint what he reported to Defendant Burgess about Defendants Green and Dellinger.

Plaintiffs next complain that they were subject to involuntary servitude because several Defendants forced them to do work without remuneration. With regard to Defendant Dellinger, Plaintiff Jeffrey Watterson alleges that Defendant Dellinger

> threatened to lock both me and my brother up if we did not deliver wood. He also ordered me to perform work at his mother's house and several officers who were employed by the Gaston County Sheriff's Dept. at the rate of half price. He had my brother purchase cocaine and ecstasy for him outside of police business. He also tried to get my bother to steal from the police dept. which he would not do, and he too went to my customer's residences and told them that I was a "thief and a drug addict" which is not true. At all times aforementioned, Dellinger, Burgess, and Green were acting upon each of these accusations under color of state law and while an active duty as police officers. Officer Dellinger slandered my name by telling my customers and other Cherryville residents that I was a "drug addict" and "thief," for which there is no proof and which is completely untrue.

(Doc. No. 1 at 3). Plaintiffs also allege that Defendant Green subjected Plaintiffs to involuntary servitude. That is, Plaintiffs allege that instead of issuing a ticket against Plaintiffs for some

3

unspecified violation, Green ordered Plaintiffs to "split and deliver wood to other officers' residences." (Id. at 2).

Finally, Plaintiff Jeffrey Watterson alleges in the Complaint that Defendant Utilities Director Jennifer Hoyle "violated my due process rights under the Fourteenth Amendment and violated my Eighth Amendment rights by stealing my money and forcing me to be cold in the winter and hot in summer when my heater was turned off." (Id.). Plaintiff alleges that Hoyle was "[r]esponsible for receiving utility payments from the citizens of Cherryville who depended on city service. On multiple occasions, Hoyle took Plaintiff and Plaintiff's brother's money under the guise that she was applying it to their utility bills which in fact, she had kept it for herself which ultimately resulted in both Plaintiff and Plaintiff's brother's power shut off as well as over 100 other citizens' power interruptions. She has pled guilty recently in connection with these and other illegal activities." (Id. at 4). As to Defendant Cherryville, Plaintiff alleges that the city is "responsible for its employees' actions for indemnifying purposes." (Id. at 4).

Plaintiff Jefffrey Watterson states that he and his brother Randolph have been injured in the following manner:

> I have been permanently injured in that I've had several back surgeries as a result of handsplitting so many loads of wood. Additionally, I am now disabled and have lost my business as a result of Burgess, Dellinger, and Green discouraging customers from hiring me to do work at their residences and now since my brother reported … this police corruption a lot of people shun me in Cherryville. Also my brother has been convicted of a crime that he did not commit as part of a ruse to cover up the actions of these officers although I can't prove that. Also suffer paranoia of police and recurring nightmares.

(Id. at 5). For requested relief, Plaintiffs seek declaratory relief, as well as compensatory and punitive damages.

On December 23, 2013, Plaintiffs filed a "Motion in Limine to Amend Lawsuit

4

and add Additional Defendants." (Doc. No. 15). The motion is essentially a motion to supplement the Complaint, and Plaintiffs repeat their prior allegations that police officers from the City of Cherryville "extorted" Plaintiffs' business Affordable Tree Services and harassed Plaintiffs by communicating "disparaging and damaging remarks about Plaintiffs and their business to Plaintiffs' customers." (Id. at 2). Plaintiffs allege that this constituted "intentional interference with contract and interference with prospective business relations." (Id.). Plaintiffs allege that they complained to Cherryville City Manager David Hodgkins, but that he told them there was nothing he could do. (Id.). Plaintiffs allege that they also tried to contact Cherryville Mayor Bob Austell, but that Austell did not acknowledge Plaintiffs' complaints. Plaintiffs state that they want to add Hodgkins and Austell as additional Defendants based on their alleged actual participation in the alleged conduct by the other Defendants, or based on their supervisory liability. (Id. at 3).

Plaintiffs also complain in the supplement that the City of Cherryville has a policy of committing "extortion" by charging a "water availability fee" of $60 per month to residents, regardless of whether residents use or consume any water. (Id.). Plaintiffs allege that when Plaintiff Jeffrey Watterson complained about the fee to Mayor Austell, Austell "called the police on Plaintiff Jeffrey R. Watterson and Plaintiff's daughter Tiffany Watterson and had them physically removed from the premises of city hall." (Id.). Plaintiffs allege that before police removed Jeffrey Watterson, "police threw plaintiff up against a wall at the instruction of Austell." (Id.).

**II.      STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Under Rule 18(a) of the Federal Rules of Civil Procedure, a plaintiff may bring multiple claims, related or not, in a lawsuit against a single defendant. See FED. R. CIV. P. 18(a). However, to name other defendants in the same lawsuit, the plaintiff must satisfy Rule 20(a)(2), which permits joinder of multiple defendants only where the right to relief asserted against them arises out of the same transaction or occurrence and concerns a common question of law or fact. See FED. R. CIV. P. 20(a)(2). Here, Plaintiff's complaint and the supplement to the complaint

bring multiple, unrelated claims against numerous defendants. Thus, Plaintiff's submissions fail to comply with the rules governing the joinder of multiple claims and defendants in the same lawsuit.

The Court will dismiss all claims without prejudice to Plaintiff to refile them in separate lawsuits, with the exception of Plaintiff's involuntary servitude claim against Defendants Green and Dellinger.[2] As to Plaintiff's Thirteenth Amendment claim against Defendants Green and Dellinger for involuntary servitude, the Thirteenth amendment provides: "[n]either slavery nor involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. Amend. XIII, § 1. Involuntary servitude requires compulsion of services by the use or threatened use of physical or legal coercion. See United States v. Kozminski, 487 U.S. 931, 953 (1988). In support of the claim for involuntary servitude, Plaintiff Jeffrey Watterson alleges that Defendant Dellinger "threatened to lock both me and my brother up if we did not deliver wood. He also ordered me to perform work at his mother's house and several officers who were employed by the Gaston County Sheriff's Dept. at the rate of half price." As to Defendant Green, Plaintiffs allege that instead of issuing a ticket against Plaintiffs for some unspecified violation, Green ordered Plaintiffs to "split and deliver wood to other officers' residences." (Id. at 2). Here, accepting Plaintiffs' allegations as true, and drawing all inferences in Plaintiffs' favor, the Court finds that Plaintiffs have stated a Thirteenth Amendment claim for involuntary

---

[2] In any event, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, such as libel, slander, and intentional interference with contract and interference with prospective business relations. See 28 U.S.C. § 1367(c). Furthermore, although Plaintiffs couch Defendants' alleged conduct in terms of federal constitutional violations, most of Plaintiffs' alleged claims are in the nature of pure state law claims.

servitude against Defendants Green and Dellinger.

## IV. CONCLUSION

For the reasons stated herein, all claims against all named Defendants are dismissed without prejudice, except that the claims of involuntary servitude against Defendants Green and Dellinger survive initial review.

**IT IS, THEREFORE, ORDRED** that:

1. Plaintiff Jeffrey Watterson's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 2), is **GRANTED**.

2. Plaintiffs' two Motions for Service of Process, (Doc. Nos. 3; 12) are **GRANTED** to the extent that the Court is ordering service of process on Defendants Green and Dellinger; Plaintiffs' Motion to Schedule a Pretrial Conference, (Doc. No. 14), is **DENIED** as premature; and Plaintiffs' Motion in Limine to Amend Lawsuit, (Doc. No. 15), is **GRANTED** to the extent that the Court has allowed Plaintiff to supplement the Complaint.

3. Plaintiff's letter dated March 10, 2014, (Doc. No. 17) which was docketed by the Clerk's office as a "Motion to Amend," actually fails to request any relief by this Court and instead purports to suggest a future motion to amend at some point in time. To the extent the letter requests relief, such relief is already **GRANTED** in part by virtue of the instant order, and the letter/motion is otherwise **DENIED**.

4. For the reasons stated herein, Plaintiffs' claim of involuntary servitude against Defendants Green and Dellinger survive initial review. Plaintiffs' remaining claims against all remaining Defendants are **DISMISSED** without prejudice.

5. The Clerk is directed to mail summons forms to Plaintiffs for Plaintiffs to fill out for Defendants Green and Dellinger. Plaintiffs are required to provide the necessary information for the U.S. Marshal to effectuate service on these Defendants. Once the Court receives the summonses from Plaintiffs, the U.S. Marshal shall effectuate service upon the named Defendants.

Signed: March 13, 2014

Frank D. Whitney
Chief United States District Judge