UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00159-FDW-DCK

| | |
|---|---|
| JEFFREY RANDOLPH WATTERSON and RANDOLPH ALEXANDER WATTERSON, </br></br>          Plaintiff, </br></br> vs. </br></br> WOODY BURGESS, JASON GREEN, FRANKIE DELLINGER, JENNIFER HOYLE, DAVID HODKINS, BOB AUSTELL, MIKE ALLRED, and the CITY OF CHERRYVILLE, </br></br>          Defendants. | ORDER |

THIS MATTER is before the Court on Plaintiff Randolph Alexander Watterson's Motion for Reconsideration (Doc. No. 19), filed March 25, 2014, after this Court dismissed several Defendants from Plaintiffs' original and amended complaint. See Doc. No. 18. Plaintiff Randolph Watterson argues that he "forgot" to include an affidavit ("Randolph Affidavit") when filing the "short form" complaint with the Court. (Doc. No. 19, p. 1.) The Randolph Affidavit was later attached to a "Motion to Compel Production of Documents," Doc. No. 10-1, but it was not until Plaintiff Randolph Watterson filed the instant motion that it became clear to the Court that he intended this document to specifically supplement the allegations in the complaint. In light of Plaintiff Randolph Watterson's *pro se* status, the Court has liberally construed the instant motion as a motion for reconsideration and as a motion to amend the complaint.

As an initial matter, the Court notes that in addition to filing as a *pro se* Plaintiff, Randolph Watterson's motion purports to also be "on behalf of lead Plaintiff Jeffrey R. Watterson through Randolph A. Watterson." (Doc. No. 19, p. 1.) Randolph A. Watterson has

1

not indicated that he is licensed to practice law, and therefore cannot submit filings to this Court on behalf of another individual. Just this once and for purposes of this ruling only, the Court will presume Jeffrey Watterson joins in the instant motion. **<u>Jeffrey Watterson is hereby ordered to file a notice with this Court no later than April 23, 2014, indicating that he joins the instant motion</u>**, or the Court will consider the ruling herein only applicable to Plaintiff Randolph Watterson. The Court will not be so lenient in the future, and cautions both Plaintiffs that they must both sign pleadings with this Court. Affidavits must be signed by the person swearing to the contents therein.

Turning to the merits of the motion for reconsideration/motion to amend, in sum, the Randolph Affidavit contains detailed, specific allegations concerning the Plaintiffs' claims against all Defendants. The Court's previous ruling did not consider the contents of the Randolph Affidavit as part of its rulings under 28 U.S.C. §§ 1915(e)(2) or 1915A. Likewise, the Court did not consider the Randolph Affidavit in deciding Plaintiffs' prior motions to amend because it was unclear that Plaintiffs intended the affidavit to supplement the complaint.

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

> Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001); see also Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

Plaintiffs have already amended their complaint twice. See Docs. Nos. 15, 17, 18. On April 15, Defendant Jason Green answered the original complaint (Doc. No. 1). It appears as though the other named Defendant – Frankie Dellinger – was served on March 27, 2014, and no answer has been filed. Thus, there has been no initial attorney's conference and no discovery has taken place.

The undersigned is not persuaded that there is sufficient evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend. After careful consideration of the record and the motions, the undersigned finds that Plaintiffs' motion for reconsideration and motion to amend should be granted; however, barring extraordinary circumstances further amendments to the complaint are unlikely to be allowed.

In order to make clear the allegations that have been set forth over multiple documents, the Court directs Plaintiffs to file, **no later than Friday, May 2,** a new, complete Amended Complaint that includes all claims and allegations against Defendants Woody Burgess, Jason Green, Frankie Dellinger, Jennifer Hoyle, David Hodgkins, Bob Austell, Mike Allred and the City of Cherryville. Both Plaintiffs must sign the new Amended Complaint, and Plaintiffs should either include the allegations in the Randolph Affidavit within the Amended Complaint or

attach it to the Amended Complaint.  **Failure to comply with these directives could result in summary dismissal of the claims.**

This Order is **without prejudice** to any Defendant filing a motion to dismiss the Amended Complaint, if appropriate.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Reconsideration (Doc. No. 19) is GRANTED.  **Plaintiffs SHALL FILE by Friday, May 2, 2014, a new, complete Amended Complaint** that includes all claims and allegations against Defendants Woody Burgess, Jason Green, Frankie Dellinger, Jennifer Hoyle, David Hodgkins, Bob Austell, Mike Allred and the City of Cherryville.

IT IS FURTHER ORDERED that the Clerk is respectfully DIRECTED to mail summons forms to Plaintiffs for Plaintiffs to fill out for the reinstated Defendants.  Plaintiffs are required to provide the necessary information for the U.S. Marshal to effectuate service on these Defendants. Once the Court receives the summonses and Amended Complaint from Plaintiff, the U.S. Marshal shall effectuate service upon the named Defendants.

Because Defendant Dellinger has been served with the original complaint and summons by the U.S. Marshal but has not yet appeared, Plaintiffs are hereby ORDERED to mail a copy of the new Amended Complaint, once it is filed, to Defendant Dellinger.  The Court notes that because the Complaint is being amended, the time for this Defendant to answer is hereby extended until the deadline that will be set based on the date of service of the Amended Complaint.

IT IS SO ORDERED.

Signed: April 17, 2014

Frank D. Whitney
Chief United States District Judge