UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00159-FDW-DCK

| | |
|---|---|
| JEFFREY RANDOLPH WATTERSON and RANDOLPH ALEXANDER WATTERSON, <br><br> Plaintiff, <br><br> vs. <br><br> WOODY BURGESS, JASON GREEN, FRANKIE DELLINGER, JENNIFER HOYLE, DAVID HODKINS, BOB AUSTELL, MIKE ALLRED, DAVID HODKINS, and the CITY OF CHERRYVILLE, <br><br> Defendants. | ORDER |

THIS MATTER is before the Court *sua sponte* as to the status of this case. Plaintiffs filed their Complaint on March 12, 2013, and, after conducting an initial review pursuant to 28 U.S.C. § 1915, the Court dismissed the claims against several defendants, except Jason Green and Frankie Dellinger. (Doc. No. 18). Following service by the United States Marshal, both Green and Dellinger filed Answers to the Complaint. The Court granted Plaintiffs' Motion for Reconsideration on its initial order dismissing several Defendants and permitted Plaintiffs to file an Amended Complaint. On May 6, 2014, Plaintiffs filed an Amended Complaint (Doc. No. 30). It does not appear that either Green or Dellinger have responded to this Amended Complaint, and the time for doing so has expired. Plaintiffs, however, have not moved for Entry of Default.

In their Amended Complaint, Plaintiffs added several defendants, who were served by the United States Marshal. Each of these new Defendants has responded to the Amended Complaint, and, notably, included as an affirmative defense, a Motion to Dismiss pursuant to

1

Rule 12(b)(6) of the Federal Rules of Civil Procedure. As explained in this Court's standing orders, these unbriefed motions simply serve as placeholders in the Answers and do not toll any deadlines. See Initial Scheduling Order (3:07-mc-47, Doc. No. 2, p. 3) ("Motions to dismiss based on any of the defenses set forth in Rule 12(b), if contained in the answer, shall be construed by the Court as placeholders which preserve the defense for future adjudication (e.g., at summary judgment or trial). See Local Civil Rule 7.1(C)(1). If a defendant desires preliminary adjudication of a Rule 12(b) defense, subject to the limitations described below, a motion along with a supporting memorandum of law must be filed separately from the answer."); see also Initial Scheduling Order, p. 6 ("Accordingly, a defendant who contemplates filing a Rule 12(b)(6) motion must still serve and file a timely responsive pleading and prepare to commence with discovery as provided below. Such defendant may, however, file concurrent with its answer a Rule 12(b)(6) or 12(c) motion together with a request for preliminary hearing, pursuant to Rude 12(d), for good cause shown.").

Therefore, but for the fact that Defendants Green and Dellinger have failed to timely file an Answer in response to the Amended Complaint, joinder of the issues would have occurred on June 13, 2014, when the last Answer was filed, regardless of the placeholder motions to dismiss. Id. at pp. 7-8. The parties, however, have not filed a Rule 26(f) Report indicating that they have conducted an Initial Attorneys' Conference. The Court therefore enters the following order to ensure that this case does not linger on its docket.

IT IS THEREFORE ORDERED that Defendants Jason Green and Frankie Dellinger shall file an answer to the Amended Complaint no later than Monday, August 4, 2014. If Defendants fail to timely file an Answer by August 4, 2014, Plaintiffs should promptly move for Entry of

Default. The parties should immediately conduct an Initial Attorneys' Conference and file their Certification of Initial Attorneys Conference no later than Wednesday, August 13, 2014. The Court acknowledges that pro se Plaintiff Randolph Alexander Watterson's incarceration may present logistical problems, but the Court is hopeful he can participate by telephone.

    IT IS SO ORDERED.

Signed: July 28, 2014

Frank D. Whitney
Chief United States District Judge