## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO.  3:13-CV-159-FDW-DCK

| | | |
|---|---|---|
| JEFFREY R. WATTERSON and<br>RANDOLPH A. WATTERSON, | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WOODY BURGESS, et al., | ) | |
| | ) | |
| **Defendants**. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion For Order Compelling Discovery From Defendants And Motion For Order Directing Government To Disclose Its Complete Prosecutorial File To Plaintiff" (Document No. 75) filed August 17, 2015.  This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.  Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> the motion.

### STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).  The rules of discovery are to be accorded broad and liberal construction.

See <u>Herbert v. Lando</u>, 441 U.S. 153, 177 (1979);  and <u>Hickman v. Taylor</u>, 329 U.S. 495, 507

(1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make a disclosure or discovery in an effort to obtain it without court action.

Fed.R.Civ.P. 37(a)(1).

The Federal Rules of Civil Procedure allow for specific motions to compel where: a party fails to make a disclosure; a deponent fails to answer a question; a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); a party fails to answer an interrogatory; or a party fails to respond regarding an inspection pursuant to Rule 34. Fed.R.Civ.P. 37(3)(A)-(B).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

## DISCUSSION

As an initial matter, the undersigned observes that the instant motion asserts that it is on behalf of both Plaintiffs; however, the motion was only signed/submitted by Plaintiff Randolph A. Watterson. (Document No. 75, pp.1 and 4); see also (Document No. 24, pp.1-2) (advising Plaintiff Randolph A. Watterson that he "cannot submit filings to this Court on behalf of another individual") and (Document No. 90, p.4) (Plaintiffs stating that any document drafted by either

plaintiff "can be joined by the other plaintiff so long as the joining party utilizes his own signature upon the instrument in question"). As such, the undersigned construes this motion as only filed by Plaintiff Randolph A. Watterson ("Plaintiff" or "R.A.W.").

Next, the undersigned observes that Plaintiff R.A.W.'s "Certificate Of Service" indicates that only counsel for Defendants City of Cherryville, Woody Burgess, Bob Austell, Mike Allred, and David Hodgkins, (together "City Defendants") was served with a copy of the pending motion to compel. (Document No. 75, p.5). As such, it does not appear that Defendants Jason Green ("Green"), Frankie Dellinger ("Dellinger") or Jennifer Hoyle ("Hoyle") were properly served with copies of the instant motion. (Document No. 75); see also Fed.R.Civ.P. 5.[1] Moreover, the motion fails to include certification that the movant conferred in good faith, or attempted to confer, with the parties allegedly failing to provide discovery responses. See Fed.R.Civ.P. 37(a)(1).

Plaintiff's pending motion includes two (2) requests for relief: (1) an Order compelling discovery responses from Defendants; and (2) an Order directing certain Government agencies to disclose prosecutorial files. (Document No. 75). The Court will address these requests in reverse order.

**A. Government Disclosure**

Plaintiff requests "the complete prosecutorial files on named parties in this action before the Court including the State prosecutorial files," but fails to specifically identify the files and/or individuals for whom it seeks such information. (Document No. 75). Apparently, Plaintiff is seeking certain files from the United States Attorney's Office and/or the District Attorney's Office of Gaston County, North Carolina; however, neither entity, nor the United States or the State of

---

[1] Defendants Selective Insurance Company of South Carolina, Ben Blackburn, the Cherryville Utilities Department, and the Cherryville City Police Department are additional named Defendants in Plaintiff R.A.W.'s "Second Amended Complaint" (Document No. 83), filed *after* the pending motion to compel.

North Carolina, are named parties in this action. Moreover, it does not appear that these Government agencies have even been served with a copy of this motion. (Document No. 75, p.5). The undersigned further notes that Plaintiff's motion does not identify *any* authority that supports his effort to obtain information from non-parties via a motion to compel. (Document No. 75); see also Fed.R.Civ.P. 37.

Under these circumstances, Plaintiff's request to compel Government disclosure will be denied. The Court declines to express any opinion at this time as to whether the information Plaintiff seeks is otherwise discoverable, or how he might properly request such information.

### B. Defendants' Discovery

Plaintiff also seeks an Order compelling certain named Defendants to respond to requests for production of documents. (Document No. 75). Although the instant motion is not entirely clear, it appears that Plaintiff seeks responses from Defendants Dellinger and Green, as well as the City Defendants, including the City of Cherryville, Burgess, Hodgkins, Austell, and Allred. Id. The motion suggests that Dellinger and Green have failed to provide any responses, and that the City Defendants' responses were deficient. (Document No. 75, pp.2-3). Importantly, Plaintiff's motion does not specifically identify which responses he contends are deficient.

The Court recognizes Plaintiff's later efforts to provide certification that he conferred with certain parties, as well as his "Memorandum Of Law In Support…," which is probably properly construed as a reply brief. (Document Nos. 79 and 80). Nevertheless, the undersigned finds that the pending motion's defects and vagueness require that it be denied without prejudice. However, the Court respectfully advises *all* Defendants that if they have failed to provide appropriate responses and/or supplementation to proper discovery requests by either Plaintiff, they should do so on or before **December 18, 2015**.

As an example, the Court notes that Defendant Dellinger's apparent argument that he was not required to respond to discovery requests issued on or about February 20, 2015, based on a stay issued by the Court on or about April 20, 2015, is not persuasive. (Document No. 76).

Although the instant motion to compel is defective, the Court continues to take very seriously *pro se* Plaintiffs' underlying allegations, as well as their demands for discovery responses. Defendants are respectfully reminded that if it is determined they have improperly failed to respond to Plaintiff(s)' discovery requests, Defendants and/or their counsel may be subject to sanctions pursuant to Fed.R.Civ.P. 37.

The parties are encouraged to attempt to resolve all outstanding discovery disputes without further delay or further Court intervention. If the parties are unable to resolve their discovery disputes, Plaintiff(s) may file renewed motion(s) to compel on or before **December 31, 2015**. Any motion to compel must comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the "Amended Case Management Order" (Document No. 73). Moreover, any such motion should *specifically* and *concisely* identify: the discovery response alleged to be deficient and the request it purports to respond to, as well as the defendant or defendants who failed to adequately respond.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that the "Motion For Order Compelling Discovery From Defendants And Motion For Order Directing Government To Disclose Its Complete Prosecutorial File To Plaintiff" (Document No. 75) is **DENIED in part, and DENIED WITHOUT PREJUDICE in part**, as discussed herein.

The Clerk of Court is directed to send a copy of this Order, as well as the docket sheet for this case, to *pro se* Plaintiffs and *pro se* Defendant by certified U.S. Mail, return receipt requested.

**SO ORDERED**.

Signed: December 8, 2015

David C. Keesler
United States Magistrate Judge

6