UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00159-FDW-DCK

| | |
|---|---|
| JEFFREY RANDOLPH WATTERSON and RANDOLPH ALEXANDER WATTERSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WOODY BURGESS, JASON GREEN, FRANKIE DELLINGER, JENNIFER HOYLE, DAVID HODKINS, BOB AUSTELL, MIKE ALLRED, DAVID HODKINS, and the CITY OF CHERRYVILLE, )<br>)<br>Defendants. ) | ORDER |

THIS MATTER is before the Court on *pro se* Plaintiffs Jeffery R. Watterson and Randolph A. Watterson's "Motion to Appoint Temporary Counsel" (Doc. No. 112) and Plaintiff Randolph Watterson's Motion to Stay (Doc. No. 116). The Court has reviewed these pleadings and the oppositions thereto (Docs. Nos. 113, 119). Also before the Court are both Plaintiffs' "*Pro Se* Motions for Extension of Time," (Docs. Nos. 120, 121), to respond to Defendants' pending motions for summary judgment and motions to dismiss. Plaintiffs argue they have not received copies of the pending dispositive motions pending, including two renewed motions to dismiss (Docs. Nos. 106, 109) and three motions for summary judgment (Docs. Nos. 105, 107, 108). The sum of Plaintiffs' arguments in these motions are that Defendants have not responded to their discovery requests, and consequently, Plaintiffs are unable to prosecute their claims in their *pro se* capacity.

1

The Court first turns to the motion to appoint counsel. It is well-settled that litigants do not have a constitutional right to the appointment of counsel in civil cases. A court may in its discretion appoint counsel for a civil litigant "only in exceptional circumstances." Owens v. Harrison, 2010 WL 2680339 at *2 (E.D.N.C. July 6, 2010) (quoting Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)). "The existence of exceptional circumstances depends upon 'the type and complexity of the case, and the abilities of the individuals bringing it.'" Id. (quoting Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984)). Factors courts have considered in the past include: 1) financial ability to retain counsel, 2) efforts to retain counsel, 3) the merits of the case, and 4) whether the party is able to represent himself or herself in the litigation. Tyson v. Pitt County Government, et al., 919 F. Supp. 205, 207 (E.D.N.C. 1996).

These types of motions are routinely denied by this Court, and for Plaintiff Jeffrey Watterson, his situation does not rise to the level of exceptional circumstances warranting the appointment of counsel at this stage in the proceedings. Most notable is the fact that he has managed to negotiate a settlement and resolution of his claims with several Defendants, thus demonstrating an ability to represent himself.

In Randolph Watterson's case, however, the Court finds a unique combination of exceptional circumstances warrant a different result, particularly due to the complexity of the allegations, history of this case, Randolph's discovery challenges (which he states with specificity concerning his difficulty obtain potentially relevant public records surrounding the criminal matters involving some of the Defendants), the nature of the claims, the potential merits of the case based on the full record before the Court, and Randolph's limited ability to represent himself in this matter because of his incarceration. Accordingly, the Court finds that the benefit of counsel

2

would assist Plaintiff Randolph Watterson and the Court in reaching a decision on the merits in this case and therefore grants the motion as to him. Such appointment is made without comment on the actual merits of this case.

Recognizing that both parties have complex and possibly meritorious claims, the Court wants to make clear it is neither allowing counsel for Randolph Watterson simply because he is incarcerated, nor denying counsel for Jeffrey Watterson solely based on the fact he is not. Rather, the record clearly demonstrates Randolph Watterson has personally and consistently attempted to engage in discovery, is unable to represent himself, and has other exceptional circumstances in addition to being in prison. To the contrary, Jeffrey Watterson's demonstrated ability to prosecute his case so well as to resolve claims against several Defendants is compelling evidence of his ability to evaluate and prosecute his claims to resolution. Moreover, Jeffrey's pleadings do not indicate with specificity that he has encountered the same level of difficulty litigating his case as his brother Randolph.

The Court has identified counsel willing to represent Plaintiff Randolph Watterson pro bono in this matter, namely Susan C. Rodriguez, Matthew E. Orso, and Kenneth D. Bell, all with the McGuireWoods LLP law firm. Counsel are instructed to promptly reach out to Plaintiff Randolph Watterson, and upon Plaintiff's consent, file a Notice of Appearance in this matter. Randolph Watterson is cautioned that despite this ruling, he is not *entitled* to counsel as a matter of right and refusal to accept counsel identified as willing to take on his representation in this case does not oblige the Court to find him substitute counsel at any stage in this litigation.

Considering the implications of this ruling, the Court now turns to Plaintiffs' other pending motions for a stay and extensions of deadlines. The United States Supreme Court has long held

that the "power to stay proceedings is incidental to the power inherent in every court" to control its own docket "with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 245–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936); see also Willijord v. Armstrong World Indus. Inc., 715 F.2d 124, 127 (4th Cir. 1983) (holding that courts possess the inherent power to stay an action to ensure the "efficient management of their dockets"). To the extent Plaintiff Randolpoh Watterson requests a stay in this matter, his motion (Doc. No. 116) is DENIED. Here, a stay is not warranted where an extension of deadlines can resolve the problems asserted in the arguments for a stay.

While not staying the case or a decision on the pending motions, the Court finds the need to reset deadlines in order to control the docket and work efficiently towards resolution of this matter in an orderly fashion for all parties. The Court hereby extends the **discovery deadlines for all parties until Monday, April 25, 2016**. Although the Court is not granting Jeffrey Watterson's motion for counsel, in light of Plaintiffs' collective allegations concerning difficulty in obtaining discovery from Defendants and other sources, the Court encourages counsel for Plaintiff Randolph Watterson and defense counsel to work together to provide copies of any additional responsive discovery to Jeffrey Watterson.

In light of this order and the record in this case, the Court will DENY WITHOUT PREJUDICE all pending dispositive motions so that they may be refiled following the new discovery deadline. Accordingly, the parties shall file any **dispositive motions no later than Wednesday, May 25, 2016**, and response and reply deadlines shall be governed by the local rules. Upon reviewing the pleadings, if a hearing is necessary, the Court will conduct a hearing during

its normal **motions term of August 1-12, 2016**.  This matter will be continued to the mixed trial term beginning **September 6, 2016**.

IT IS THEREFORE ORDERED that the Court GRANTS IN PART AND DENIES IN PART Plaintiffs' Motion to Appoint Counsel (Doc. No. 112) for the reasons stated herein.  The Court DENIES the Motion to Stay (Doc. No. 116) and, based on the new deadlines set forth above, DENIES AS MOOT Plaintiffs' Motions for Extension of Time (Docs. Nos. 120, 121).  The Court DENIES WITHOUT PREJUDICE Defendants' dispositive motions (Docs. Nos. 105, 106, 107, 108, 109) so that they may be refiled in accordance with the new deadlines.

The Clerk's Office is respectfully directed to send electronic copies of this Order to Susan C. Rodriguez, Matthew E. Orso, and Kenneth D. Bell, all of whom are admitted to the Western District of North Carolina and have registered ECF accounts.

IT IS SO ORDERED.

Signed: February 23, 2016

Frank D. Whitney
Chief United States District Judge