# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-159-FDW-DCK

| | |
|---|---|
| JEFFREY RANDOLPH WATTERSON, and RANDOLPH ALEXANDER WATTERSON, <br><br> Plaintiffs, <br><br> v. <br><br> JASON GREEN, et al., <br><br> Defendants. | ) ) ) ) ) ) ) **ORDER** ) ) ) ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff Randolph A. Watterson's renewed "…Motion For Sanctions And Default Judgment Against Defendant Green" (Document No. 196). The pending motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.

## BACKGROUND

On September 7, 2016, the undersigned issued an "Order" (Document No. 154) granting "Plaintiff Randolph A. Watterson's Motion To Compel Discovery" (Document No. 150) and requiring Defendant Green to "provide complete discovery responses to Plaintiff on or before **September 12, 2016**." The Court specifically noted that Defendant Jason Green had failed to even respond to the motion to compel. (Document No. 154). In addition, the Court observed that Plaintiff's motion indicated that Defendant Green's counsel had previously represented that discovery responses would be provided no later than August 19, 2016. Id. (citing Document No. 150 p.2).

On September 23, 2016, Plaintiff filed his "Motion For Sanctions Against Defendant Green" (Document No. 157) arguing that Defendant Green had failed to provide discovery

responses as ordered by the Court. On October 25, 2016, the undersigned denied Plaintiff's "Motion For Sanctions Against Defendant Green" (Document No. 157), without prejudice. (Document No. 175). The Court noted that

> Defendant **Green has not indicated any objection to the requested discovery, or that he is otherwise unwilling or unable to provide complete and full responses to the requested discovery** – just confusion about where to send it. See (Document No. 157-1).

(Document No. 175, p.2) (emphasis added). The Court then allowed Defendant Green "one more opportunity to provide **full and complete discovery responses** to Plaintiff Randolph A. Watterson." (Document No. 175, p.3) (emphasis added). Defendant Green was ordered to serve complete discovery responses on Plaintiff Randolph A. Watterson by **November 1, 2016**, and to "file a Notice with this Court on or before **November 1, 2016** confirming that discovery responses have been provided as directed herein." Id.

On November 3, 2016, Defendant Green's "Notice Of Service" (Document No. 180) was filed with the Court verifying "that complete discovery responses have been served upon Plaintiff Randolph A. Watterson on or before 11/1/16." Notably, Defendant's Green's "Notice…" was late and did not attach any evidence of service. Id.

Plaintiff Randolph A. Watterson's "…Motion For Sanctions And Default Judgment Against Defendant Green" (Document No. 181) was apparently drafted on or about November 1, 2016, and was received by the Court and docketed on November 4, 2016. By that motion for sanctions, Plaintiff asserted that as of November 1, 2016, he had not received the discovery responses from Defendant Green as ordered by the Court. (Document No. 181, p.3) (citing Document No. 175).

On or about November 14, 2016, the Court received a letter from Plaintiff stating that, contrary to Defendant Green's "Notice…," as of November 9, 2016, he had still not received Jason Green's discovery responses. (Document No. 185). Plaintiff further states that the prison mailroom could verify that he did not receive any legal mail from Defendant Green's counsel as alleged in the "Notice Of Service" (Document No. 180). Id.

Defendant Green filed a "Response In Opposition To Motion For Sanctions" (Document No. 186) on November 21, 2016. Defendant argues that he should not be sanctioned for failure to provide discovery and that he "has in fact attempted to provide Discovery to the Plaintiff in a timely manner." (Document No. 186, p.3).

On December 12, 2016, the Court once again directed Defendant Green to provide "his full and complete discovery responses to Plaintiff Randolph A. Watterson." (Document No. 190, p.3). The Court again directed Defendant Green to file a "Notice Of Service" with the Court stating the date the discovery was sent, and providing a copy of the mailing envelope, as well as evidence that the discovery was sent by certified mail, by **December 16, 2016**. (Document No. 190, pp. 3-40. The Court then denied without prejudice Plaintiff Randolph A. Watterson's "…Motion For Sanctions And Default Judgment Against Defendant Green" (Document No. 181). Id. In addition, it was noted that:

> the Court will seek copies of relevant mail room logs from the Avery/Mitchell Correctional Institution. If the Court finds evidence that is inconsistent with the parties' filings discussed herein, the Court may reconsider the matter of sanctions against either party.

Id.

On December 16, 2016, Defendant Green filed a "Notice Of Service" (Document No. 192) stating that counsel had served Plaintiff Randolph A. Watterson with "complete discovery

3

responses" on December 16, 2016. Defendant's filing includes a photograph of an envelope addressed to Plaintiff and a copy of a certified mail receipt. (Document No. 192).

Plaintiff Randolph A. Watterson's renewed "…Motion For Sanctions And Default Judgment Against Defendant Green" (Document No. 196) was filed on December 27, 2016. The pending motion for sanctions re-asserts many of Plaintiff's allegations regarding Defendant Green's dilatory conduct and alleged false representations. (Document No. 196). The motion also acknowledges the receipt of discovery responses "for the first time by Defendant Jason Green on today's date Dec. 19, 2016." (Document No. 196, p.4). However, Plaintiff also asserts that "Defendant Green has objected to virtually all of Plaintiff's discovery requests except for providing irrelevant and cursory documents." Id. (citing Document No. 196-1, pp.16-61). Plaintiff argues that Defendant Green should also be sanctioned for meritless objections, as well as evasive and misleading answers to discovery requests. (Document No. 196, p.5).

Defendant's "Response In Opposition To Motion For Sanctions and Default Judgment" (Document No. 202) was filed on January 10, 2017. Defendant Green contends in his "Response…" that he has "provided all documents/materials requested by the Plaintiff that are in his possession and/or those documents/materials that he had the ability to obtain." (Document No. 202, p.5). Defendant also asserts that he "indicated during his deposition he did not have access to or was not in possession of many of the documents requested by the Plaintiff." Id.

**DISCUSSION**

As stated above, on September 7, 2016, the undersigned issued an "Order" (Document No. 154) granting "Plaintiff Randolph A. Watterson's Motion To Compel Discovery" (Document No. 150) and requiring Defendant Green to "provide complete discovery responses to Plaintiff on or before **September 12, 2016**." As such, the dispute over Defendant Green's discovery should have

been resolved four (4) months ago.  Instead, less than a month before trial, questions still linger over whether the Court's Order compelling discovery has been satisfied.  At minimum, it appears that Defendant Green and his counsel have been dilatory in their response to and participation in Court-ordered discovery.

As suggested by the undersigned's previous "Order" (Document No. 190), the undersigned's staff has been in contact with the staff of the Avery-Mitchell Correctional Institution mailroom regarding mail received by Plaintiff Randolph A. Watterson who is incarcerated at that facility.  The Avery-Mitchell Correctional Institution staff have reported that there is no record of any mail from Defendant Green's counsel, Kyndra Griffin, between October 1, 2016 and December 18, 2016.  There are records indicating mail was received by Plaintiff from Ms. Griffin on December 19, 20, and 30, 2016.  The Avery-Mitchell Correctional Institution staff further stated that it is *possible* that mail from Ms. Griffin could have been received by Plaintiff without being "logged in" if the prison officials did not recognize it as being from an attorney or if it was not otherwise identified as "legal mail."

In addition to Defendant Green's untimely discovery response(s), it has for the *first* time come to the Court's attention that Defendant Green takes the position that he is not in possession of many of the documents requested by Plaintiff and allegedly cannot obtain all the documents requested.  See (Document No. 202).

Consistent with the pattern of this on-going dispute, neither Plaintiff nor Defendant Green has specifically identified for the Court the extent of Defendant Green's allegedly incomplete discovery responses.  Since Green failed to even respond to the underlying "…Motion To Compel Discovery" (Document No. 150), much less identify any objections to the Court, it has been the undersigned's expectation that Defendant Green would provide full and complete responses to

5

"Plaintiff Randolph A. Watterson's Requests For Production Of Documents From Defendant Jason Green" (Document No. 150-1).  See (Document No. 154) ("shall provide complete discovery responses");  (Document No. 175, p.3) ("one more opportunity to provide full and complete discovery responses);  (Document No. 190, p.3) ("once again direct Defendant Green to provide his full and complete discovery responses").

If the documents attached by Plaintiff in his most recent motion for sanctions are an accurate representation of the discovery responses provided by Defendant Green, then it appears that such a response is indeed inadequate, and inconsistent with the Court's orders.  See (Document No. 196-1, pp.16-61).

Based on the foregoing, Defendant Green will be required to file a full and complete copy of the discovery responses he has provided to Plaintiff Randolph Watterson.  Defendant Green's filing must also attach a sworn affidavit by Kyndra Griffin affirming the date(s) such discovery responses were served on Plaintiff.  The undersigned expects that the filing will include Defendant Green's full and complete responses to each of Plaintiff's "…Requests For Production Of Documents…" (Document No. 150-1), as well as the appropriate and responsive documents attached thereto.  Defendant must serve copies of this filing on Plaintiffs, and should clearly indicate that the enclosure is legal mail.

**IT IS, THEREFORE, ORDERED** that Defendant Jason Green shall file a full and complete copy of the discovery responses he has provided to Plaintiff Randolph A. Watterson, as directed herein, on or before **January 13, 2017**.

<u>The Clerk of Court is directed to send a copy of this Order by certified United States mail, return receipt requested, to:  Plaintiff Randolph A. Watterson and Plaintiff Jeffrey R. Watterson.</u>

**SO ORDERED**.

Signed: January 11, 2017

David C. Keesler
United States Magistrate Judge