UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00159-FDW-DCK

| | |
|---|---|
| JEFFREY RANDOLPH WATTERSON and RANDOLPH ALEXANDER WATTERSON, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| WOODY BURGESS, JASON GREEN, FRANKIE DELLINGER, JENNIFER HOYLE, DAVID HODKINS, BOB AUSTELL, MIKE ALLRED, DAVID HODKINS, CITY OF CHERRYVILLE, BEN BLACKBURN, SELECTIVE INS. OF S.C., CHERRYVILLE CITY POLICE DEPARTMENT AND CHERRYVILLE UTILITIES DEPT., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

ORDER

THIS MATTER is before the Court on two motions: (1) Plaintiff Randolph A. Watterson's "Motion for Subpoenas at Government Expense" (Doc. No. 200); (2) the Motion to Bifurcate filed by Defendants Mike Allred, Bob Austell, Ben Blackburn, Woody Burgess, Cherryville City Police Department, Cherryville Utilities Department, David Hodgkins, and Selective Insurance of South Carolina (Doc. No. 206); and (3) Plaintiff Jeffrey R. Watterson's letter request for appointment of counsel (Doc. No. 208).

First, as to Plaintiff's "Motion for Subpoenas at Government Expense," the Court denies Plaintiff's request to serve subpoenas at government expense on approximately seventy (70) people to present testimony in this trial. Plaintiff's proposed list includes numerous witnesses whose testimony appears to: (1) rely solely on inadmissible hearsay; (2) would be cumulative; (3) constitute expert testimony, which is inadmissible without proper disclosure and production of

expert reports, or (4) would be otherwise irrelevant to Plaintiff's claims for relief and the applicable time period. For the same reasons, the Court will also deny Plaintiff's alternative request to subpoena thirty-six (36) people indicated by a star symbol in Plaintiff's motion. The Court will, however, permit Plaintiff to subpoena ten (10) witnesses to be served by the U.S. Marshall to the best of their abilities using the addresses provided for in Plaintiff's instant motion. The Marshal shall inform the Court if he is unable to serve any of these persons at the addresses provided for by Plaintiff. The Court previously instructed Plaintiff to submit his proposed subpoena list in prioritized, preferential order (Doc. No. 189, p. 3); thus, the first ten relevant witnesses[1] shall be subpoenaed:

    (1)    Daniel McBride, 3001 Eaker Drive, Cherryville, North Carolina 28021.

    (2)    Chris Buchanan,[2] Gaston County Sherriff's Office.

    (3)    Heather Flynn, 1603 Mirror Lake Road, Lincolnton, North Carolina 28092.[3]

    (4)    Marty Houser, 1603 Mirror Lake Road, Lincolnton, North Carolina 28092.

    (5)    Jennifer Houser, 1603 Mirror Lake Road, Lincolnton, North Carolina 28092.

    (6)    Scott Humphries, 558 N. Main Street, Woodruff, South Carolina 29388.

    (7)    Cam Jenks, 704 E. Church Street, Cherryville, North Carolina 28021.

    (8)    Ron Mitchell, 724 S. Mountain Street, Cherryville, North Carolina 282021.

    (9)    Wayne Poston, 301 N. Mulberry Street, Cherryville, North Carolina 28021.

---

[1] Plaintiff's "second" witness is list as "Eric Davis and David Drew," two Federal Bureau of Investigation agents. Plaintiff has not demonstrated how he has complied with any Touhy regulations so as to permit the testimony from these federal agents. See United States ex rel. Touhy v. Ragen, 340 U.S. 462, 468, 71 S.Ct. 416, 95 L.Ed. 417 (1951); see also 28 C.F.R. § 16.22, United States v. Williams, 170 F.3d 431, 434 (4th Cir. 1999). Accordingly, the Court will not issue subpoena to these two witnesses requested by Plaintiff.

[2] Chris Buchanan is enumerated as witness number "3" in Plaintiff's motion (Doc. No. 200, p. 1). Plaintiff, however, also identified the next witness – Heather Flynn – as number "3." (Doc. No. 200, p. 2). In light of the Court's denial of subpoenas for the two FBI agents identified in Plaintiff's "2," the Court renumbers the top ten list such that Mr. Buchanan becomes the second requested witness.

[3] The Court notes Plaintiff has identified the same address for witnesses 3, 4, and 5. (Doc. No. 200, p. 2).

(10) Felicia Shull Yanez, 2748 Lot #15 Clineland Road, Cherryville, North Carolina 28021.

Furthermore, the Court denies Plaintiff's request to have witness expenses and fees paid for at government expense. Plaintiff's reliance on Federal Rule of Evidence 614(a) is unavailing, and Plaintiff has failed to otherwise demonstrate how applicable law governing civil cases supports his request for the extraordinary relief of payment of witness fees and expenses in this instance. See, generally, 28 U.S.C. § 1915. <u>Plaintiff shall be required to pay all witness expenses and fees for those persons to whom subpoena is issued in accordance with Federal Rule of Civil Procedure 45(b)(1)</u>. In light of the closeness in time to trial, the Court will allow Plaintiff to defer payment of these fees until the first day of trial, January 30, 2017.

Plaintiff is hereby ORDERED to bring appropriate payment for all ten subpoenaed witnesses with him on January 30, 2017. Failure to do so will result in Plaintiff being unable to present testimony from that subpoenaed witness and/or sanctions entered against Plaintiff for any subpoenaed witness who appears and is unable to testify because of Plaintiff's non-compliance with the rules. Should Plaintiff wish to shorten the subpoenaed witness list from above in order to lessen his litigation costs, he shall be responsible for informing the subpoenaed witnesses that their testimony is no longer compelled. In addition to informing the individual, Plaintiff must also submit a filing with the Court noting his cancellation of any subpoenas issued.

Next, the Court turns to several Defendants' motion to "bifurcate," or sever, trial in this matter. After reviewing Defendants' arguments in support of severance, the Court is convinced that severance is not appropriate and that the Court can eradicate any potential for unfair prejudice through limiting instructions to the jury during the presentation of evidence. Accordingly, Defendants' motion is DENIED.

Finally, Plaintiff Jeffrey R. Watterson sent a letter to chambers, which the Court had docketed by the Clerk as a motion (Doc. No. 208). The motion renews Plaintiff Jeffrey Watterson's request for appointment of counsel. Seeing no change in circumstances or applicable law since the last time the Court denied Jeffrey Watterson's request for counsel, the Court DENIES his motion.

IT IS THEREFORE ORDERED that Plaintiff Randolph Watterson's "Motion For Subpoenas at Government Expense" (Doc. No. 200) is GRANTED IN PART AND DENIED IN PART as explained herein. Defendants' "Motion to Bifurcate" (Doc. No. 206) is DENIED. Plaintiff Jeffrey Watterson's letter motion for appointment of counsel (Doc. No. 208) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall deliver a copy of this Order to the United States Marshal, along with the subpoenas prepared and submitted by Plaintiff Randolph A. Watterson.

IT IS SO ORDERED.

Signed: January 18, 2017

Frank D. Whitney
Chief United States District Judge