# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:13-CV-159-FDW-DCK

| | | |
|---|---|---|
| JEFFREY RANDOLPH WATTERSON, and RANDOLPH ALEXANDER WATTERSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) ) | **MEMORANDUM AND RECOMMENDATION AND ORDER** |
| JASON GREEN, et al., | ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff Randolph A. Watterson's renewed "…Motion For Sanctions And Default Judgment Against Defendant Green" (Document No. 196). The pending motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. After careful consideration of the motion, the record, and applicable authority, the undersigned will respectfully recommend that the motion be granted.

## BACKGROUND

On September 7, 2016, the undersigned issued an "Order" (Document No. 154) granting "Plaintiff Randolph A. Watterson's Motion To Compel Discovery" (Document No. 150) and requiring Defendant Green to "provide complete discovery responses to Plaintiff on or before **September 12, 2016**." The Court specifically noted that **Defendant Jason Green had failed to even respond to the motion to compel**. (Document No. 154). In addition, the Court observed that Plaintiff's motion indicated that Defendant Green's counsel had previously represented that

discovery responses would be provided no later than August 19, 2016.  Id. (citing Document No. 150 p.2).

On September 23, 2016, Plaintiff filed his "Motion For Sanctions Against Defendant Green" (Document No. 157) arguing that Defendant Green had failed to provide discovery responses as ordered by the Court.  On October 25, 2016, the undersigned denied Plaintiff's "Motion For Sanctions Against Defendant Green" (Document No. 157), without prejudice. (Document No. 175).  The Court noted that

> Defendant **Green has not indicated any objection to the requested discovery, or that he is otherwise unwilling or unable to provide complete and full responses to the requested discovery** – just confusion about where to send it.  See (Document No. 157-1).

(Document No. 175, p.2) (emphasis added).  The Court then allowed Defendant Green "one more opportunity to provide **full and complete discovery responses** to Plaintiff Randolph A. Watterson." (Document No. 175, p.3) (emphasis added).  Defendant Green was ordered to serve complete discovery responses on Plaintiff Randolph A. Watterson by **November 1, 2016**, and to "file a Notice with this Court on or before **November 1, 2016** confirming that discovery responses have been provided as directed herein."  Id.

On November 3, 2016, Defendant Green's "Notice Of Service" (Document No. 180) was filed with the Court verifying "that complete discovery responses have been served upon Plaintiff Randolph A. Watterson on or before 11/1/16."  Notably, Defendant's Green's "Notice…" was late and did not attach any evidence of service.  Id.

Plaintiff Randolph A. Watterson's "…Motion For Sanctions And Default Judgment Against Defendant Green" (Document No. 181) was apparently drafted on or about November 1, 2016, and was received by the Court and docketed on November 4, 2016.  By that motion for

sanctions, Plaintiff asserted that as of November 1, 2016, he had not received the discovery responses from Defendant Green as ordered by the Court.  (Document No. 181, p.3) (citing Document No. 175).

On or about November 14, 2016, the Court received a letter from Plaintiff stating that, contrary to Defendant Green's "Notice…," as of November 9, 2016, he had *still* not received Jason Green's discovery responses.  (Document No. 185).  Plaintiff further stated that the prison mailroom could verify that he did not receive any legal mail from Defendant Green's counsel as alleged in the "Notice Of Service" (Document No. 180).  Id.

Defendant Green filed a "Response In Opposition To Motion For Sanctions" (Document No. 186) on November 21, 2016.  Defendant argued that he should not be sanctioned for failure to provide discovery and that he "has in fact attempted to provide Discovery to the Plaintiff in a timely manner."  (Document No. 186, p.3).

On December 12, 2016, the Court once again directed Defendant Green to provide "his full and complete discovery responses to Plaintiff Randolph A. Watterson."  (Document No. 190, p.3).  The Court again directed Defendant Green to file a "Notice Of Service" with the Court stating the date the discovery was sent, and providing a copy of the mailing envelope, as well as evidence that the discovery was sent by certified mail, by **December 16, 2016**.  (Document No. 190, pp. 3-40.  The Court then denied without prejudice Plaintiff Randolph A. Watterson's "…Motion For Sanctions And Default Judgment Against Defendant Green" (Document No. 181).  Id.  In addition, it was noted that:

> the Court will seek copies of relevant mail room logs from the Avery/Mitchell Correctional Institution.  If the Court finds evidence that is inconsistent with the parties' filings discussed herein, the Court may reconsider the matter of sanctions against either party.

Id.

On December 16, 2016, Defendant Green filed a "Notice Of Service" (Document No. 192) stating that counsel had served Plaintiff Randolph A. Watterson with "complete discovery responses" on December 16, 2016. Defendant's filing includes a photograph of an envelope addressed to Plaintiff and a copy of a certified mail receipt. (Document No. 192).

Plaintiff Randolph A. Watterson's renewed "…Motion For Sanctions And Default Judgment Against Defendant Green" (Document No. 196) was filed on December 27, 2016. The pending motion for sanctions re-asserts many of Plaintiff's allegations regarding Defendant Green's dilatory conduct and alleged false representations. (Document No. 196). The motion also acknowledges the receipt of discovery responses "for the first time by Defendant Jason Green on today's date Dec. 19, 2016." (Document No. 196, p.4). However, Plaintiff also asserts that "Defendant Green has objected to virtually all of Plaintiff's discovery requests except for providing irrelevant and cursory documents." Id. (citing Document No. 196-1, pp.16-61). Plaintiff argues that Defendant Green should also be sanctioned for meritless objections, as well as evasive and misleading answers to discovery requests. (Document No. 196, p.5).

Defendant's "Response In Opposition To Motion For Sanctions and Default Judgment" (Document No. 202) was filed on January 10, 2017. Defendant Green contends in his "Response…" that he has "provided all documents/materials requested by the Plaintiff that are in his possession and/or those documents/materials that he had the ability to obtain." (Document No. 202, p.5). Defendant also asserts that he "indicated during his deposition he did not have access to or was not in possession of many of the documents requested by the Plaintiff." Id.

On January 11, 2017, the undersigned issued an "Order" (Document No. 203) requiring Defendant Green, by January 13, 2017, to:

> file **a full and complete copy of the discovery responses he has provided to Plaintiff Randolph Watterson**. Defendant Green's

filing must **also attach a sworn affidavit by Kyndra Griffin affirming the date(s) such discovery responses were served on Plaintiff**. The undersigned expects that the filing will include Defendant Green's full and complete responses to each of Plaintiff's "…Requests For Production Of Documents…" (Document No. 150-1), as well as the appropriate and responsive documents attached thereto. Defendant must **serve copies of this filing on Plaintiffs**, and should clearly indicate that the enclosure is legal mail.

(Document No. 203, p.6).

On January 13, 2017, Defendant Green's counsel, Kyndra Griffin, filed a copy of "Responses To Plaintiff Randolph A. Watterson Requests For Production Of Documents" (Document No. 205). Ms. Griffin's filing does <u>not</u> include the affidavit she was ordered to attach, or a certificate of service indicating it was served on Plaintiffs. (Document No. 205).

Based on the foregoing, Plaintiff Randolph A. Watterson's renewed request for sanctions is ripe for a recommendation to the Honorable Frank D. Whitney.

### STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

A party's failure to provide or permit discovery may result in sanctions including the following: reasonable expenses caused by the failure; default judgment against the disobedient party; or treating as contempt of court the failure to obey any order. See Fed.R.Civ.P. 37(a) - (d).

## DISCUSSION

As stated above, on September 7, 2016, the undersigned issued an "Order" (Document No. 154) granting "Plaintiff Randolph A. Watterson's Motion To Compel Discovery" (Document No. 150) and requiring Defendant Green to "provide complete discovery responses to Plaintiff on or before **September 12, 2016**." At minimum, it appears that Defendant Green and/or his counsel have been dilatory in their response to, and participation in, Court-ordered discovery.

As suggested by the undersigned's previous "Order" (Document No. 190), the undersigned's staff has been in contact with the staff of the Avery-Mitchell Correctional Institution mailroom regarding mail received by Plaintiff Randolph A. Watterson who is incarcerated at that facility. The Avery-Mitchell Correctional Institution staff have reported that there is no record of any mail from Defendant Green's counsel, Kyndra Griffin, between October 1, 2016 and December 18, 2016. There are records indicating mail was received by Plaintiff from Ms. Griffin on December 19, 20, and 30, 2016. The Avery-Mitchell Correctional Institution staff further stated that it is *possible* that mail from Ms. Griffin could have been received by Plaintiff without being

"logged in" if the prison officials did not recognize it as being from an attorney or if it was not otherwise identified as "legal mail."

Defendant Green indicated to the Court for the *first* time, on January 10, 2017, that he takes the position that he is not in possession of many of the documents requested by Plaintiff and allegedly cannot obtain all the documents requested. <u>See</u> (Document No. 202). As noted above, however, Defendant Green failed to even respond to the underlying "…Motion To Compel Discovery" (Document No. 150), much less identify any objections to the Court. It has been the undersigned's expectation that Defendant Green would provide full and complete responses to "Plaintiff Randolph A. Watterson's Requests For Production Of Documents From Defendant Jason Green" (Document No. 150-1). <u>See</u> (Document No. 154) ("shall provide complete discovery responses"); (Document No. 175, p.3) ("one more opportunity to provide full and complete discovery responses); (Document No. 190, p.3) ("once again direct Defendant Green to provide his full and complete discovery responses").

The undersigned has previously stated that "[i]f the documents attached by Plaintiff in his most recent motion for sanctions are an accurate representation of the discovery responses provided by Defendant Green, then it appears that such a response is indeed inadequate, and inconsistent with the Court's orders." (Document No. 203, p.6) (citing Document No. 196-1, pp.16-61).

Ms. Griffin's filing on January 13, 2017, providing a copy of "Responses To Plaintiff Randolph A. Watterson Requests For Production Of Documents" (Document No. 205), support Plaintiff's allegations that Defendant Green's discovery responses are evasive, incomplete, and untimely. Moreover, Ms. Griffin ignored a clear order from the Court that she provide an affidavit

affirming the date(s) on which these discovery responses were served on Plaintiff and a certificate of service indicating that the instant filing was served on Plaintiffs. (Document No. 203, p.6).

In addition, the undersigned observes that the "Responses To Plaintiff Randolph A. Watterson Requests For Production Of Documents" (Document No. 205) was sent to the wrong address for Plaintiff Randolph A. Watterson, and would have been untimely even if properly delivered and received on or about August 29, 2016. (Document No. 205, p.6). Plaintiff had filed an appropriate "Notice of Change of Address" (Document No. 92) indicating his current address in Spruce Pine, North Carolina – on **November 17, 2015**.

As it stands, there is no evidence that Plaintiff received any discovery responses from Defendant Jason Green until on or about December 19, 2016, more than five (5) months after those responses were due, and more than four (4) months later than Defendant Green's counsel represented to Plaintiff's former counsel, Susan C. Rodriguez, that such responses would be provided. See (Document Nos. 150 and 150-1). After review of Defendant Green's "Responses To Plaintiff…" (Document No. 205), the undersigned finds that Green objected to almost all of Plaintiff's requests. (Document No. 205). There appears to be little, if any, merit to Defendant's Green's objections. Id. Rather, it seems that Defendant Green and/or his counsel provided simple, boilerplate objections with no indication that any effort was made to respond appropriately. Id. Moreover, it is the undersigned's view that Defendant Green long ago waived his right to such objections when he failed to timely respond to the discovery requests and failed to respond to the motion to compel. See RDLG, LLC v. RPM Group, LLC, Case No. 1:10-CV-204-DLH, 2015 WL 4647811, at *3 (W.D.N.C. Aug. 5, 2015) ("Defendant did not respond nor raise any objection in a timely manner to the Plaintiff's discovery request. As such, Defendant's right to assert any

objection to the discovery request is now waived."). In addition, the undersigned has cited above multiple orders in which Defendant Green was directed to provide "full and complete" responses.

Based on the foregoing, the undersigned is convinced that sanctions against Defendant Green and/or his counsel, Kyndra Griffin, are warranted pursuant to Fed.R.Civ.P. 37 (a)(5) and 37(b)(2). However, it is difficult for the undersigned to make a specific recommendation because it remains unclear the extent to which Defendant's continued failure to abide by this Court's Orders and to fully participate in the discovery process has been a deliberate decision by Defendant Green and/or his counsel, and the extent to which it has been the result of simple incompetence on the part of counsel. Either way, it appears that Plaintiff Randolph A. Watterson's ability to prosecute this action has been significantly prejudiced.

As such, the undersigned will respectfully recommend that Judge Whitney issue sanctions after allowing Ms. Griffin and Defendant Green a final opportunity to be heard when all the parties are gathered for the trial of this matter. As noted in the standard of review above, the range of sanctions available include default judgment and contempt of court. Fed.R.Civ.P. 37 (b)(2)(A)(vi-vii). The record here suggests that either or both of these severe sanctions may be appropriate.

## CONCLUSION

**IT IS, THEREFORE, RECOMMENDED** that Plaintiff Randolph A. Watterson's renewed "…Motion For Sanctions And Default Judgment Against Defendant Green" (Document No. 196) be **GRANTED**, following an opportunity for Kyndra Griffin and Jason Green to be heard at a pre-trial hearing on **January 30, 2017**.

**IT IS ORDERED** that Kyndra Griffin and Defendant Jason Green shall be prepared to discuss this Order and present objections, if any, at a hearing on **January 30, 2017**.

**IT IS FURTHER ORDERED** that Kyndra Griffin shall provide a copy of this Order to Defendant Jason Green on or before **January 23, 2017**.

The Clerk of Court is directed to send a copy of this Order by certified United States mail, return receipt requested, to:  Plaintiff Randolph A. Watterson and Plaintiff Jeffrey R. Watterson.

**SO RECOMMENDED AND ORDERED**.

Signed: January 20, 2017

David C. Keesler
United States Magistrate Judge