UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00159-FDW-DCK

| | |
|---|---|
| JEFFERY RANDOLPH WATTERSON and RANDOLPH ALEXANDER WATTERSON, <br><br> Plaintiff, <br><br> vs. <br><br> WOODY BURGESS, JASON GREEN, FRANKIE DELLINGER, JENNIFER HOYLE, DAVID HODKINS, BOB AUSTELL, MIKE ALLRED, DAVID HODKINS, CITY OF CHERRYVILLE, BEN BLACKBURN, SELECTIVE INS. OF S.C., CHERRYVILLE CITY POLICE DEPARTMENT AND CHERRYVILLE UTILITIES DEPT., <br><br> Defendants. | ORDER |

THIS MATTER is before the Court following trial in this matter. During the pretrial conference and at trial, the Court issued oral rulings on many pending motions. This Order serves to document those oral rulings so that the docket reflects those rulings accordingly.

The Court first turns to the dispositive motions filed prior to trial. As to the Motion to Dismiss and for Summary Judgment (Doc. No. 137) filed by Defendants City of Cherryville, the Cherryville Police Department, and the Cherryville Utilities Department, this motion is DENIED IN PART and GRANTED IN PART for the reasons stated in open court. Similarly, as to the Motions to Dismiss and Motions for Summary Judgment filed the individual Defendants Woody Burgess, Bob Austell, Mike Allred, David Hodkins, and Ben Blackburn (Docs. Nos. 140, 142, 144, 146, 148), those motions are GRANTED for the reasons stated in open court. As part of that ruling, the Motions to Strike filed by several Defendants (Docs. Nos. 159, 170) are DENIED. In

1

addition, Plaintiff Randolph Watterson's Motion for Sanctions (Doc. No. 168), is DENIED AS MOOT because it related to a Motion for Sanctions (Doc. No. 161) by opposing parties that was eventually withdrawn (see Doc. No. 191).  To the extent any issues remained following the withdrawal of the related motion, Plaintiff's Motion for Sanctions (Doc. No. 168) is DENIED.

Next, the Court turns to Plaintiff Randolph Watterson's Motion for Extension of Time (Doc. No. 167), which, to some extent, also sought sanctions against certain defense counsel for alleged improper contacts with potential witnesses for trial.  That motion is GRANTED IN PART to the extent it sought additional time to file an affidavit, which Plaintiff filed (see Doc. No. 173). To the extent that motion sought sanctions, it is DENIED.  Defendants' related Motion to Strike (Doc. No. 178) is DENIED.

As to the evidentiary motions made pre-trial, Plaintiff Randolph Watterson and most Defendants filed Motions in Limine (Docs. Nos. 195, 212, 214).  While the Court deferred ruling on some portions of those motions in limine until the evidence was sought to be presented during trial, the Court ultimately GRANTED IN PART and DENIED IN PART the parties' motions in limine prior to or throughout the course of trial.  Plaintiff Randolph Watterson also filed a "Motion in Limine for Records of Proceedings," (Doc. No. 197); however, he did not reassert or orally raise the issue presented in that motion during any of the pretrial hearings or during trial.  Although it is now moot, the Court notes that the motion fails to state a sufficient basis to warrant the extraordinary relief sought.  Moreover, Plaintiff Randolph Watterson's conduct at trial demonstrated his remarkable ability to follow trial proceedings, recall witness testimony, and present his case accordingly.  Therefore, his Motion for "Records of Proceedings" (Doc. No. 197) is DENIED.

Defendants Allred, Austell, Blackburn, Burgess, and the Cherryville City Defendants filed two motions to continue (Docs. Nos. 217, 219). For the reasons stated in open court, those motions are DENIED.

The sole remaining pretrial issue concerns Plaintiff Randolph Watterson's Motion for Default Judgment and for Sanctions against Defendant Jason Green (Doc. No. 196). By referral of this Court, the subject of that motion was litigated before Magistrate Judge David C. Keesler, who issued a Memorandum and Recommendation (Doc. No. 210) ("M&R"). The M&R explains in detail the numerous prior attempts Plaintiff Randolph Watterson made to obtain discovery from Green (Docs. Nos. 150, 157, 181, 185, 196) and the resulting multiple orders previously issued by the Court directing Defendant Green and his counsel to comply (Doc. No. 154, 175, 190, 203). In addressing the instant motion, the M&R found convincing evidence to award sanctions and recommended that, in light of Defendant Green's repeated failure to comply with Court orders, "severe sanctions" may be appropriate. (See Doc. No. 210, p. 9).

Neither defense counsel nor Defendant Green objected to any portions of the M&R. Accordingly, after reviewing the M&R and finding no clear error, the Court accepts the recommendation and adopts the entire M&R as if fully set forth herein. In order to fashion appropriate sanctions in accordance with the M&R, the Court inquired of Green and his counsel during pretrial proceedings as to the reasons for the repeated noncompliance. While defense counsel acknowledged blame and accepted responsibility for the failures to comply, she offered little to no justification for essentially ignoring the directives repeatedly provided in the Court's orders. In light of the unique facts of this case, including defense counsel's recurrent violation of the magistrate judge's orders pertaining to this discovery dispute, the Court finds that default

judgment is not an appropriate sanction, as that sanction punishes Defendant Green more so than his counsel. Instead, the Court hereby sanctions defense counsel in the amount of $250.00 to be made payable to Plaintiff Randolph Watterson. While an award of attorney's fees might be the more appropriate sanction here if Randolph Watterson had counsel pursuing the instant motion to compel (and the related motions that preceded it), this is the unusual situation where a party – because he appears *pro se* – shall receive payment. In addition, because of the repeated failures to comply, the Court will also order Green's defense counsel to pay $250.00 to a charity of her choice. The charity must be organized as a non-profit under section 501(c)(3) of the Internal Revenue Code. <u>Within sixty days from the date of this Order, defense counsel shall submit a declaration on the docket indicating compliance with this Order and identifying with specificity the two $250.00 payments ordered herein.</u>

      IT IS SO ORDERED.

Signed: March 2, 2017

Frank D. Whitney
Chief United States District Judge