UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00159-FDW-DCK

| | | |
|---|---|---|
| JEFFERY RANDOLPH WATTERSON and RANDOLPH ALEXANDER WATTERSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| WOODY BURGESS, JASON GREEN, FRANKIE DELLINGER, JENNIFER HOYLE, DAVID HODKINS, BOB AUSTELL, MIKE ALLRED, DAVID HODKINS, CITY OF CHERRYVILLE, BEN BLACKBURN, SELECTIVE INS. OF S.C., CHERRYVILLE CITY POLICE DEPARTMENT AND CHERRYVILLE UTILITIES DEPT., | ) ) ) ) ) ) ) ) ) | JUDGMENT |
| Defendants. | ) ) | |

THIS MATTER is before the Court following the jury's verdict in regards to Plaintiff Randolph Watterson (Doc. No. 224) and Plaintiff Jeffery Watterson (Doc. No. 225). Judgement for Jeffery Watterson is hereby entered in accordance with the jury's verdict (Doc. No. 225). As to the judgment for Plaintiff Randolph Watterson, it shall be entered in accordance with the jury's verdict for all Defendants except Jennifer Hoyle. As a result of the jury's verdict as to Plaintiff Randolph Watterson's claims against Defendant Jennifer Hoyle, the Court, with the consent of the relevant parties, made an adjustment to that verdict.

The Court ruled during pretrial proceedings that Jennifer Hoyle could not contest liability as to Randolph Watterson's claims against her because she failed to respond or object to his requests for admissions. She admitted she ignored much of the correspondence from the parties and the Court related to this case, and she conceded she never responded to the Requests for

1

Admissions. Accordingly, the Court's verdict sheet for Randolph Watterson noted that the jury did not need to determine liability for Hoyle "because, as a matter of law, Jennifer Hoyle is liable to Plaintiff Randolph Watterson" for all counts. (Doc. No. 224, pp. 1-2). The verdict form further instructed the jury on the damages questions that "[Y]ou shall only provide an answer to Jennifer Hoyle and those Defendants to whom you answered 'YES'" in finding liability. Id. In the jury instructions on damages, the Court provided instructions on damages, as well as the requirement that if the jury found Plaintiff failed to prove any damages, it should award him nominal damages in the amount of one dollar. Despite these instructions, the verdict left the damages amount blank for Jennifer Hoyle. After reviewing and publishing the jury's verdict, the Court conferred with the parties and counsel outside the presence of the jury. All parties acknowledged that Plaintiff Randolph Watterson was at least entitled to nominal damages and agreed the Court could enter nominal damages in the amount of one dollar, plus punitive damages in the amount of three dollars, for a total damage award of four dollars ($4.00) from Hoyle to Plaintiff Randolph Watterson. In light of the parties' agreement, the Court excused the jury without further inquiry into deciding the damages question.

IT IS THEREFORE ORDERED that the Court hereby MODIFIES the jury's verdict to reflect the four dollar damage award noted in open court, and JUDGMENT shall be entered in favor of Plaintiff Randolph Watterson against Jennifer Hoyle in the amount of $4.00 (four dollars). As to all other claims by both Plaintiffs Randolph Watterson and Jeffery Watterson, judgment is entered in accordance with the jury's verdicts (Doc. No. 224, 225) The Clerk is respectfully directed to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: March 2, 2017

Frank D. Whitney
Chief United States District Judge