UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00159-FDW-DCK

| | |
|---|---|
| JEFFERY RANDOLPH WATTERSON and RANDOLPH ALEXANDER WATTERSON, <br><br>     Plaintiff, <br><br> vs. <br><br> WOODY BURGESS, JASON GREEN, FRANKIE DELLINGER, JENNIFER HOYLE, DAVID HODKINS, BOB AUSTELL, MIKE ALLRED, DAVID HODKINS, CITY OF CHERRYVILLE, BEN BLACKBURN, SELECTIVE INS. OF S.C., CHERRYVILLE CITY POLICE DEPARTMENT AND CHERRYVILLE UTILITIES DEPT., <br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     **ORDER** |

THIS MATTER is before the Court on numerous post-trial motions: Defendants' Motions for Judgment as a Matter of Law (Docs. Nos. 223, 227, 229, 231, 236, 237), Plaintiff Randolph Watterson's Motion for Judgment as a Matter of Law, or in the alternative, For a New Trial (Docs. Nos. 232, 239), Plaintiff Randolph Watterson's Motion for Default Judgment (Doc. No. 234), Plaintiff' Randolph Watterson's Motion to Compel and for Sanctions (Doc. No. 266), and Defendants Jason Green and Jennifer Hoyle's Motion to Dismiss (Doc. No. 249). Plaintiff Randolph Watterson filed pleadings in opposition to all of Defendants' motions, and Defendants have responded to his motions and other pleadings. Notably, Plaintiff Jeffery Watterson filed no post-trial motions, nor has he filed any response to any of Defendants' pending motions. Accordingly, all motions are ripe.

1

## I. BACKGROUND

Plaintiffs, who appear pro se, filed this action against Defendants, asserting claims under 42 U.S.C. § 1983 for violations of constitutional rights and a claim for civil RICO under 18 U.S.C. § 1962. In short, Plaintiffs, who are brothers, contend two police officers with the City of Cherryville Police Department, as well as several other identified employees of the City of Cherryville, engaged in unlawful conduct resulting in injury to Plaintiffs and their business. Because of Plaintiffs' pro se status, this Court afforded them wide latitude in proceeding through discovery on their claims and extended deadlines the Court typically does not prolong. The Court also appointed counsel to assist Randolph Watterson, who has been incarcerated during the pendency of this action. (Doc. No. 123). Randolph Watterson, however, subsequently terminated representation by appointed counsel and instead chose to proceed pro se for the remainder of the case. (Docs. Nos. 152, 153).

The Court granted summary judgment in part as to several individual Defendants and on some portions of Plaintiffs' claims against other remaining Defendants. (Doc. No. 241.) In short, the Court dismissed all claims against the individual City Defendants, Woody Burgess, Bob Austell, Mike Allred, David Hodgkins and Ben Blackburn prior to trial on grounds of qualified immunity and dismissed claims against the Cherryville City Police Department and Cherryville Utilities Department on the grounds that said departments were part of The City of Cherryville and not separate entities capable of being sued. The Court's summary judgment ruling also clarified Jeffery Watterson's claims proceeding to trial. The Court conducted a jury trial on Plaintiffs' claims against Defendants City of Cherryville, Jason Green, Frankie Dellinger, and Jennifer Hoyle. The jury found no liability for Dellinger and Hoyle on Plaintiff Jeffery Watterson's only causes of

action. (Doc. No. 225). The jury's verdict found no liability for the City of Cherryville, Green, or Dellinger on Plaintiff Randolph Watterson's accusations against them. (Doc. No. 224). The jury was instructed that Hoyle was liable to Randolph Watterson as a matter of law, such that the jury need only decide whether Randolph Watterson was entitled to compensatory damages, including nominal damages. The jury did not award any damages as against Hoyle, prompting the Court to enter an oral award of nominal damages for Randolph Watterson, a decision to which all parties agreed in open court.

Following trial, Defendants reasserted the statute of limitations issues they had previously raised in their arguments on summary judgment. The Court heard oral argument from the parties, and considered evidence presented during the jury trial, as well as other testimony presented outside of the presence of the jury. The Court entered an oral ruling finding the statute of limitations barred Plaintiffs' claims. The Court ordered Defendants to submit other proposed findings of fact and conclusions of law, which are now pending before the Court. Additionally, Plaintiff Randolph Watterson has filed post-trial motions challenging the jury's verdict as a matter of law and requesting a new trial. He also requests sanctions against defense counsel for their failure to properly serve him with post-trial pleadings in this matter. In response to Plaintiff Randolph Watterson's filings with this Court indicating he had not received copies of several post-trial pleadings, in large part due to his transfer within the state prison system, the Court held in abeyance decision on the pending motions, ordered re-service of the pleadings by the Clerk of Court, and extended time for Plaintiff Randolph Watterson to respond to all pending motions. (Doc. No. 255). After awaiting Plaintiff's response, the motions are now ripe. The Court addresses these motions in turn.

## II. ANALYSIS

A. Defendants' Motions for Judgment as a Matter of Law

All Defendants, except Defendant Jennifer Hoyle,[1] have moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50, arguing the statute of limitations bars Plaintiffs' claims against them. Plaintiff Randolph Watterson opposes these motions, asserting the principle of equitable tolling should be applied and his claims found to be timely asserted. As previously noted, Plaintiff Jeffery Watterson failed to file any pleading to be construed as opposition to the pending motions, and the time for doing so has long expired.

"Rule 50(a) of the Federal Rules of Civil Procedure provides that, in actions tried before a jury, a district court may grant a motion for judgment as a matter of law against a party if the party has been 'fully heard' on an issue during trial and 'a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" Gilmore v. Holder, 616 F. App'x 546, 547 (4th Cir. 2015) (quoting Fed. R. Civ. P. 50(a)). Pursuant to Rule 50 of the Federal Rules of Civil Procedure, a party that moved for judgment as a matter of law at trial may, within twenty-eight days of the entry of judgment, renew the request for judgment as a matter of law. In ruling on a renewed motion for judgment as a matter of law, a court may: (1) allow judgment on the verdict; (2) order a new trial; or (3) direct entry of judgment as a matter of law on the claims. Fed

---

[1] Defendant Hoyle, who appeared pro se in this matter through trial, failed to properly assert or preserve a statute of limitations defense, even assuming a liberal construction of her pledings. Her response to the Amended Complaint only generally denied all allegations against her. (Doc. No. 39). Under the facts and procedural history in this case, the Court finds Hoyle to have waived the defense, and she has not shown how any exception applies here. See Fed.R.Civ.P. 8(c); Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005) ("The raising of the statute of limitations . . . constitutes an affirmative defense."); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 653–54 (4th Cir. 2006) ("Where a defendant has failed to raise a statute of limitations defense by way of its answer, the defense is usually waived.") (citing Peterson v. Air Line Pilots Ass'n Int'l, 759 F.2d 1161, 1164 (4th Cir. 1985)).

R. Civ. P. 50(b)(1)-(3). A "Rule 50(b) motion should be granted if a district court determines, without weighing the evidence or considering the credibility of the witnesses, that substantial evidence does not support the jury's findings." Konkel v. Bob Evans Farms, Inc., 165 F.3d 275, 279 (4th Cir. 1999) (citing White v. Cnty. of Newberry, 985 F.2d 168, 172 (4th Cir. 1993)).

This Court has reviewed the motions, record, and applicable law as it pertains to the claims asserted by Jeffery Watterson. To the extent the statue of limitations bars his claims, the Court grants Defendants' unopposed motions as against Jeffery Watterson as he presented neither evidence of injury within the applicable time period, nor does he present any meritorious argument for tolling the time limitations imposed on his claims.

Turning to the merits of the motions as they pertain to Randolph Watterson (hereinafter "Watterson"), Defendants City of Cherryville, Green, and Dellinger generally argue all of Watterson's claims are barred by the statute of limitations. As previously noted, Watterson filed this action on March 12, 2013, alleging claims under 42 U.S.C. § 1983 for violations of his constitutional rights and a claim for civil RICO under 18 U.S.C. § 1962. The evidence showed, and Watterson agreed in open court, he suffered no injury or damages after the date of his incarceration – January 11, 2009 – which was four years and two months before the filing of his original Complaint on March 12, 2013.

The statute of limitations for a § 1983 action is three years from the date of the alleged violation. Wilson v. Garcia, 471 U.S. 261, 276 (1985); National Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1161–62 & n. 2 (4th Cir. 1991), cert. denied, 504 U.S. 931 (1992). The statute of limitations for a civil RICO action is four years from the date the plaintiff discovered, or should have discovered, the purported injury. Rotella v. Wood, 528 U.S. 549, 555 (2000);

Potomac Elec. Power Co. v. Elec. Motor and Supply, Inc., 262 F.3d 260, 266 (4th Cir. 2001). Accordingly, Randolph Watterson has failed to show he sustained an actual or alleged Constitutional violation within three years of filing his complaint asserting claims under 42 U.S.C. § 1983 or that he sustained an actual or alleged injury or damage within four years of filing his complaint asserting claims for violations of civil RICO.

Watterson contends, however, his claims are not time barred under the principle of equitable tolling for several reasons, including his assertion that law enforcement agents investigating criminal behavior by Defendants Green and Dellinger told Watterson to refrain from filing his civil law suit until the criminal investigation completed. (See Docs. Nos. 256, 257, 258, 259, 260, 262, 263.) To the extent Watterson asserts medical injuries or his conditions of confinement precluded his timely filing of suit, the Court finds his pleadings, testimony, and argument unpersuasive to warrant applicable of equitable tolling.

Watterson's contention that FBI agent, Eric Davis, and SBI agent, John Kaiser, asked him to forgo filing of his civil lawsuit against the City and others until "their investigation was complete" is not supported by the evidence. Davis and Kaiser both appeared before the Court and testified under oath they never asked nor advised Watterson to forgo filing of a civil lawsuit against the City or others. Both agents testified that no such conversation occurred, and Kaiser testified he would not tell a witness to forgo filing a civil lawsuit until an investigation was complete. The Court finds the testimony of both Eric Davis and John Kaiser to be credible to establish they neither requested nor offered advice to Watterson to delay civil proceedings. Accordingly, the Court finds no basis in law or in fact for applicable of equitable tolling, and Watterson's claims against the City of Cherryville are barred by the statutes of limitation as a matter of law.

Despite this Court's prior pre-trial dismissal of Plaintiff's claims against Burgess, Austell, Allred, Hodgkins, Blackburn, Cherryville Police Department and Cherryville Utilities Department, the Court finds as a matter of fact and law that the statutes of limitations would also provide additional grounds for dismissal of all claims by Watterson against those prior parties. Defendants Green and Dellinger also asserted the defense of the statute of limitations in their Answers to the Amended Complaint (Docs. Nos. 49, 50), and for the reasons explained herein, the Court finds Watterson's claims against them to also be time barred. Accordingly, Defendants' Motions for Judgment as a Matter of Law based on the statute of limitations (Docs. Nos. 223, 227, 236) and supporting pleadings (Docs. Nos. 229, 231, 237) are GRANTED. Some portions of Defendant City of Cherryville's Motion for Judgment as a Matter of Law also argue it is entitled to judgment because a reasonable jury would have no legally sufficient evidentiary basis to find in Plaintiff's favor as to his claims for § 1983 violations or for civil RICO violations. That portion of Defendant's motion is DENIED AS MOOT.[2]

    B.  Plaintiff Randolph Watterson's Motions for Judgment as a Matter of Law and for a New Trial

Plaintiff initially filed a Motion for Judgment Matter of Law and a New Trial (Doc. No. 232), along with a fifty-eight page supporting memorandum (Doc. No. 233), and ten days later, submitted an Amended Motion for a New Trial (Doc. No. 239). Because it appears Watterson's second filing intends to supplement, not supplant, his original Motion for Judgment as a Matter of Law and a New Trial, the Court construes these together. As explained above, Plaintiff Randolph Watterson's claims against the City of Cherryville, Green, and Dellinger are barred by the statute

---

[2] To the extent the Court's ruling on the statute of limitations defense does not moot Defendant City of Cherryville's arguments as to sufficiency of the evidence, the Court DENIES that portion of the motion for the same reasons stated in open court prior to submission of the case to the jury.

7

of limitations, as demonstrated during trial and in a post-trial evidentiary hearing. Accordingly, Plaintiff's Motions are DENIED as to those Defendants. To the extent the statute of limitations does not bar Watterson's claims, the Court finds his arguments for judgment as a matter of law in his favor and for a new trial to be without merit. Because substantial evidence supports the jury's finding of no liability for Defendants City of Cherryville, Green, and Dellinger, Watterson's motions are DENIED.

Turning to Watterson's arguments for judgment as a matter of law against Defendant Jennifer Hoyle, who did not properly assert or otherwise preserve a statute of limitations defense, the Court notes she failed to file any direct opposition to Watterson's Motions for Judgment as a Matter of Law. Nevertheless, Watterson, as the movant, bears the burden of showing he is entitled to judgment as a matter of law. Gilliam v. Montgomery Ward & Co., 121 F.3d 698 (4th Cir. 1997) ("For where the Rule 50(a) movant has the burden on an issue, his testimonial evidence, particularly his own as an interested party, is not to be assumed in ruling on the motion as is that of a non-movant who has the burden of proof. In this circumstance, judgment as a matter of law could be proper only if the jury could not reasonably fail to accept the interested party's testimony. Such situations can occur, but they obviously are rare, since witness credibility (unless essentially conceded by the opponent or literally compelled as irrefutable physical fact) is classically a question for the jury." (citations omitted)).

Watterson requests judgment as a matter of law on the issue of liability for Hoyle; however, those arguments are moot, as he prevailed in his arguments pre-trial concerning Hoyle's failure to respond to his Requests for Admission. The Court found, as a matter of law, those requests to be deemed admitted such that Hoyle could not contest liability at trial and instructed the jury that

8

Hoyle was liable, as a matter of law, on Watterson's two claims against her. Watterson misconstrues this Court's finding of Hoyle liable as a matter of law to be a ruling on "summary judgment" and "default judgment," both of which are inaccurate. Indeed, the Court limited its ruling to an admission of liability *only* and left unresolved the issue of damages, particularly because Watterson made no argument at that time as to any specific request he made to establish damages. As to that portion of Watterson's motions addressing judgment as a matter of law on damages owed from Hoyle, the Court notes Hoyle, through limited appearance of one of her co-Defendant's counsel, objected to Watterson's related motion for default judgment (Doc. No. 240). Because the arguments are so intertwined and more appropriately considered together, the Court considers them collectively below.

    C.    Plaintiff Randolph Watterson's Motion for Default Judgment or for Judgment as a Matter of Law on the issue of Damages against Defendant Jennifer Hoyle

Plaintiff's post-trial pleadings object to the monetary judgment of four dollars ($4.00) entered in his favor and against Hoyle following trial. In support of his arguments, he points to a typographic error on the verdict form as to Plaintiff's RICO claim against Hoyle, as well as the fact the jury failed to award *any* damages to him as a result of the liability established as a matter of law. Because the jury failed to award any damages, the Court conducted a hearing with the parties, where they consented to entry of judgment in the amount of nominal damages. The Court trebled the nominal damages for RICO, thus making the total award to be four dollars.

Watterson argues his Requests for Admission contained a specific request to admit damages such that he is entitled to a "default judgment" on the amount of damages owed by Hoyle. To the contrary, nothing in Watterson's Requests for Admission (see Doc. No. 128-8, pp. 13-14; Doc. No. 233, pp. 15-16) identifies any "sum certain" or other specified damage amount. The

9

Court's subsequent finding as to admission of liability in her failure to respond to Watterson's Requests for Admission did not also entitle Watterson to a specified award of damages. Indeed, Hoyle answered the amended complaint and generally denied all allegations against her, appeared at trial, proceeded pro se, asked questions of witnesses, and argued to the jury that Watterson was not entitled to an award of damages from her. Default judgment under Federal Rule of Civil Procedure 55 is inappropriate here.

Watterson also argues the Court improperly ordered award of nominal damages after the jury's finding of no damages, and instead, the Court should award the "sum certain" amount requested in his Amended Complaint. Plaintiff's Amended Complaint seeks $250,000 in compensatory damages and $20,000 in punitive damages from Hoyle for his claims against her. (See Doc. No. 30, p. 17). To the contrary, the Court finds that neither sufficient nor substantial evidence supports the damage award requested by Watterson. Watterson's Motions for Judgment as a Matter of Law on the issue of damages owed by Defendant Hoyle are DENIED.

Watterson also moves for a new trial on the issue of damages. Rule 59(a) of the Federal Rules of Civil Procedure provides that courts may grant a new trial after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1). Under this standard, "[a] new trial will be granted if (1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." Cline v. Wal–Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir. 1998) (citation and internal quotation marks omitted). In making this determination, courts may "weigh the evidence and consider the credibility of witnesses." Id. (citation omitted).

10

Here, Watterson has failed to show "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice even though there may be substantial evidence which would prevent the direction of a verdict." Atlas Food Sys. & Servs. Inc. v. Crane Nat'l Vendors, Inc., 99 F.3d 587, 594 (4th Cir. 1996). Indeed, after considering all of the evidence, including testimony at trial, the Court finds a nominal damage award to be entirely appropriate. Accordingly, Watterson's request for a new trial is DENIED.

The Court notes this ruling is without prejudice to that portion of Plaintiff's pleading seeking to recover costs. Since this ruling is without prejudice, it has no bearing on Plaintiff's submission of his Bill of Costs (Doc. No. 267).

    D.    Plaintiff Randolph Watterson's Motion to Compel and For Sanctions

Plaintiff Randolph Watterson moves this Court to "compel City Defendants [sic] counsel to provide Plaintiff with a copy of all filings made to this Court, and Plaintiff again moves for appropriate sanctions against the City Defendants [sic] counsel." (Doc. No. 266). Defendant City of Cherryville responded in opposition to the motion, setting forth specific evidence, including affidavits, to rebut Plaintiff's allegations in his motion. (Doc. No. 268). Plaintiff replied, although portions of his response apply in large part to his equitable tolling arguments on the motions for judgment as a matter of law. (Doc. No. 269). The Court has reviewed all pleadings related to Plaintiff's Motion to Compel and For Sanctions and finds the requested relief unwarranted. Accordingly, it is DENIED.

    E.    Defendants' Motion to Dismiss

Defendants Dellinger and Hoyle request, through counsel, the Court "dismiss each and every pending motion filed by the Plaintiff after he entered Notice of Appeal" and "any pending motions that Plaintiff filed prior to his entering Notice of Appeal." (Doc. No. 249, p. 2). The Court is unpersuaded by Defendants' arguments and DENIES their motion.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motions for Judgment as a Matter of Law based on the statute of limitations defense (Docs. Nos. 223, 227, 231, 236, 237) are GRANTED. For the reasons explained above, the City of Cherryville's Motion for Judgment as a Matter of Law (Doc. No. 229) is GRANTED IN PART as to the statute of limitations and DENIED AS MOOT as to all other aspects.

IT IS FURTHER ORDERED that Plaintiff Randolph Alexander Watterson's Motion for Judgment as a Matter of Law, or in the alternative, For a New Trial (Docs. Nos. 232, 239); Motion for Default Judgment (Doc. No. 234); and Motion to Compel and for Sanctions (Doc. No. 266) are all DENIED.

IT IS FURTHER ORDERED that Defendants Jason Green and Jennifer Hoyle's Motion to Dismiss (Doc. No. 249) is DENIED.

IT IS FURTHER ORDERED that he Clerk's Office is respectfully directed to send a copy of this Order to the United States Court of Appeals for the Fourth Circuit indicating all matters pending before this Court are now resolved such that proceedings in that court may proceed.

IT IS SO ORDERED.

Signed: September 21, 2017

Frank D. Whitney
Chief United States District Judge