UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00159-FDW-DCK

| | |
|---|---|
| RANDOLPH WATTERSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| JENNIFER HOYLE, et al., ) | |
| ) | |
| Defendants. ) | |

THIS MATTER is before the Court on Plaintiff Randolph Watterson's "Motion for Fees and Plaintiff[']s Amended Opposition to Defendant Hoyle[']s Amended Response to Plaintiff's Motion for Fees (Doc. No. 293) and Plaintiff's "Motion for Writ of Execution" (Doc. No. 295).

As the prevailing party in this case by virtue of entry of default against Defendant Jennifer Hoyle, Plaintiff is presumptively entitled to recover its reasonable and allowable costs pursuant to the applicable federal and local civil procedure rules. See Rule 54(d)(1), Fed. R. Civ. P. (providing that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party"); LCvR 54.1(a) (providing that "[a] prevailing party may request the Clerk of Court to tax allowable costs, other than attorney fees, in a civil action as a part of a judgment or decree by electronically filing a bill of costs"); Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999) (recognizing that the language of Rule 54(d)(1) gives rise to a "presumption that costs are to be awarded to the prevailing party") (citations omitted). Nonetheless, to be entitled to an award of costs, the prevailing party must provide

1

adequate supporting documentation of its requested costs and comply with the Local Rules and published guidelines governing the taxation of costs.

The Court has reviewed all the documentation Plaintiff provides to support his claim, including the sworn declaration provided by his brother Jeffery Watterson – also a plaintiff this this matter – asserting he paid cash to witnesses, including himself, to cover witness fees. (Doc. No. 293, p. 13). Jeffery Watterson is not entitled to collect (and Plaintiff Randolph Watterson cannot recover) witness fees for appearing in court, as he was a plaintiff in the suit. In addition, there is no declaration or other acknowledgment of receipt by any recipient of the witness fees Jeffery Watterson says he paid to the individuals listed. Plaintiff Randolph Watterson also submitted a sworn document "under penalty of perjury" seeking to recover these witness fees, as well as a "filing fees $455.00" and "postage/legal research x 4 yrs" [sic] in the amount of $200, plus $4.00 paid for "judgment of the court." (Doc. No. 295, p. 1).

The Court has reviewed all the record materials related to Plaintiff Randolph Watterson's requests to recover costs and fees. The Court also considers the fact that the witness fees in this matter were not solely related to Plaintiff's claims against Jennifer Hoyle, as well as the fact any witness's testimony did not impact the finding of liability for her because of the Court's entry of default against her. The Court, in its discretion, declines to allow all the requested costs, with the exception of the $350.00 filing fee charged by the Court (see Doc. No. 7) and paid by Plaintiff, as well as $14.00 fees for copy costs incurred by Plaintiff in the instant action.[1] See Bill of Costs Handbook at 4, available on the Court's public website at http://www.ncwd.uscourts.gov/sites/default/files/local_rules/BillofCostsHandbook.pdf providing that "[t]he Clerk may disallow any expenses that do not have adequate supporting information and

---

[1] Court records kept by the Financial Administrator for the United States District Court for the Western District of North Carolina confirm these payments were made from Plaintiff Randolph Watterson's prisoner trust account.

documentation").

IT IS THEREFORE ORDERED that Plaintiff's Motions (Docs. Nos. 293, 295) are GRANTED IN PART AND DENIED IN PART as provided herein.

Accordingly, for the foregoing reasons, costs in the total amount of $364.00 are **AWARDED** to Plaintiff Randolph Watterson and hereby included in the Clerk's Judgment against Defendant Jennifer Hoyle.

IT IS SO ORDERED.

Signed: October 29, 2019

Frank D. Whitney
Chief United States District Judge